*1211 OPINION.
LtttletoN
: All of the evidence in this appeal relative to the sale in 1918 of the stock of the California Vineyards Co. shows that the sale was bona fide and without any reservation or understanding between the seller and the purchaser that the stock would be repurchased, or that Speakman should not sell or dispose of it in any way he might desire. Testimony to this effect is uncontradicted. The petitioner testified fully concerning the transaction and was subjected to rigid cross examination. His entire testimony is consistent with the theory that he parted absolutely with all control over the stock and that the sale was bona fide. James C. Burns, the petitioner’s accountant, who had prepared his returns and who advised the petitioner that it would be necessary for him to make a sale of the stock in order to take a loss, and who gave to the petitioner the name of Frank M. Speakman as a prospective purchaser, was called as a witness by the Commissioner, but he was not questioned concerning this *1212 transaction. To hold that petitioner is not entitled to the loss claimed would be equivalent to saying that the sale was a pretended one and therefore a fraud upon the revenue such as would subject petitioner to the penalty for filing a false and fraudulent return. The record does not, in our opinion, justify such a conclusion and the loss claimed should be allowed.
From the evidence submitted we have determined the fair market value on March 1, 1913, of the various buildings owned by petitioner and their remaining useful life on that date, and the deduction for exhaustion, wear and tear of such buildings during the taxable year should be computed in accordance with such determination.
Order of redetermination will be entered on 15 days’ notice, under Rule 50.